IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION


SUNGARD ENERGY SYSTEMS INC.,          §
                                       §
               Complainant,            §
                                       §
v.                                     §          CIVIL ACTION NO. H-07-2205
                                       §
GAS TRANSMISSION NORTHWEST             §
CORP.,                                 §
                                       §
               Respondent.             §


**<u>MEMORANDUM OPINION AND ORDER</u>**


Pending before the court is complainant SunGard Energy System Inc.'s ("SunGard") Motion to Vacate Final Arbitration Award (Docket Entry No. 28) and respondent Gas Transmission Northwest Corporation's ("GTN") Motion to Confirm Final Arbitration Award and for Entry of Judgment (Docket Entry No. 26).  The following motions are also pending:  GTN's Response to SunGard's Motion to Vacate Final Arbitration Award (Docket Entry No. 32), wherein GTN requested that the court award GTN the attorney's fees it incurred defending against SunGard's motion; GTN's Motion to Strike Affidavits of James T. Smith and Daniel Rhynhart (Docket Entry No. 33); and SunGard's Motion for Leave to File Reply to GTN's Response to SunGard's Motion to Vacate Final Arbitration Award (Docket Entry No. 35).  For the reasons stated below, the court will grant GTN's motion to confirm, deny SunGard's motion to

vacate, deny GTN's request for attorney's fees, deny GTN's motion to strike, and grant SunGard's motion for leave to file a reply.

## I.  Factual and Procedural Background

This case stems from an often contentious arbitration that arose out of a contractual dispute between SunGard and GTN. SunGard creates computer software designed to assist natural gas pipeline companies in managing their pipeline business.  GTN is a natural gas pipeline company that maintains and operates natural gas pipeline systems in North America.  After extensive negotiations between the parties, GTN agreed to purchase an initial license for SunGard's then-current software for use with one of GTN's pipelines; and SunGard agreed that it would produce a customized version of its then-current software, and a customized "next generation" version of the software a few years later, for GTN's use with its other pipeline systems.[1]

The parties' relationship was turbulent.  Neither party could agree on the scope of the parties' agreement.  In an attempt to resolve this issue, the parties engaged in additional negotiations and made several changes and additions to their original agreement through addenda and work orders.  However, the parties remained at odds.  Finally, three years after the parties had entered the original agreement, SunGard advised GTN that it could not provide

---

[1]SunGard's Motion to Vacate Final Arbitration Award, Docket Entry No. 28, Exhibit 1, Final Arbitration Award ¶¶ 1, 3-4, 7-9.

GTN with either the current or "next generation" software that GTN needed.  In response, GTN notified SunGard that GTN considered SunGard in material breach of the agreement, that GTN was terminating the contract, and that GTN intended to file for arbitration as provided in the parties' agreement, an action which GTN ultimately took in February of 2005.[2]

At arbitration GTN alleged claims of breach of contract, breach of warranty, fraudulent inducement, and fraud; SunGard raised counterclaims for breach of contract, promissory estoppel, and unjust enrichment.[3]  After conducting discovery and selecting a three-member arbitration panel ("the panel") the parties participated in a ten-day arbitration hearing in March of 2007.  At the hearing, both parties were given the opportunity to submit evidence, present testimony, and submit post-hearing briefs in support of their respective claims and defenses.[4]

Based on the evidence submitted by the parties the panel awarded GTN damages on its breach of contract claim, but ruled against GTN as to all other claims.  GTN was also ultimately awarded prejudgment interest, attorney's fees, and costs.  SunGard was not awarded damages on any of its claims.[5]

---

[2] Id. ¶¶ 8-9.

[3] Id. ¶ 9.

[4] Id. at 1-2.

[5] Id. ¶ 31.

-3-

Before the panel had issued its Final Arbitration Award, SunGard filed a complaint in this court, and moved to have the panel's Interim Award vacated.[6] The court stayed SunGard's motion pending the panel's final award.[7] After the panel issued its Final Arbitration Award on November 1, 2007, GTN moved to have the award confirmed and judgment entered, while SunGard again moved to have the award vacated.

## II.   **Standard of Review**

Section 9 of the Federal Arbitration Act (FAA) requires this court to confirm the panel's arbitration award unless there is a basis for vacating the award.  <u>See</u> 9 U.S.C. § 9; <u>see also</u> <u>Int'l</u> <u>Thunderbird Gaming v. United Mexican States</u>, 473 F. Supp. 2d 80, 83 (D.D.C. 2007) ("[I]n the absence of a legal basis to vacate, this court has no discretion but to confirm the award." (construing 9 U.S.C. § 9)); <u>Denver & Rio Grande W. R.R. Co. v. Union Pac. R.R.</u> <u>Co.</u>, 868 F. Supp. 1244, 1252 (D. Kan. 1994) ("If an arbitration award cannot be vacated . . . it must be confirmed pursuant to 9 U.S.C. § 9."); <u>P.R. Mar. Shipping Auth. v. Star Lines</u>, 496 F. Supp. 14, 15 (S.D.N.Y. 1979) ("Under 9 U.S.C. § 9, this court must grant an order confirming the arbitration award unless the award is vacated[.]").  SunGard bears the burden of proving that vacatur is

---

[6]See Complaint and Application of SunGard Energy Systems Inc. to Vacate Arbitration Award, Docket Entry No. 1.

[7]Order granting GTN's Motion to Stay, Docket Entry No. 25.

warranted.  <u>Karaha Bodas Co. v. Perusahaan Pertambangan Minyak</u>, 364 F.3d 274, 288 (5th Cir. 2004).

**III.   <u>SunGard's Motion to Vacate the Final Arbitration Award</u>**

Vacatur of an arbitration award is a "draconian remedy," <u>Positive Software Solutions v. New Century Mortg.</u>, 476 F.3d 278, 286 (5th Cir. 2007), available only under limited statutory or common-law exceptions, <u>Kergosien v. Ocean Energy Inc.</u>, 390 F.3d 346, 353 (5th Cir. 2004).  Under § 10 of the FAA there are four statutory bases for vacatur:

> (1)  where the award was procured by corruption, fraud, or undue means;
>
> (2)  where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3)  where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of the parties have been prejudiced; or
>
> (4)  where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

The Fifth Circuit also recognizes two common-law grounds for vacatur:  "manifest disregard of the law" and "contrary to public policy."  <u>Id.</u>  "To assure that arbitration serves as an efficient and cost-effective alternative to litigation, and to hold parties to their agreements to arbitrate," judicial review of an arbitrator's award under these statutory or common-law grounds is

-5-

exceedingly narrow.  <u>Positive Software Solutions</u>, 476 F.3d at 280.
The court resolves all doubts in favor of arbitration.  <u>See</u>
<u>Executone Info. Sys., Inc. v. Davis</u>, 26 F.3d 1314, 1320 (5th Cir.
1994).

SunGard advances both statutory and common-law grounds to
support its Motion to Vacate Final Arbitration Award.  SunGard
first argues that the panel engaged in misconduct when it refused
to postpone the arbitration hearing.  Second, SunGard argues that
the panel denied SunGard a fair hearing by refusing to hear
evidence that SunGard contends was pertinent and material to the
controversy.  Third, SunGard contends that evidentiary errors by
the panel denied SunGard a fair hearing.  Fourth, SunGard argues
that the panel exceeded its powers when it concluded that SunGard
breached the contract and when it awarded GTN attorney's fees.
Finally, SunGard contends that in finding for GTN and awarding GTN
its costs of cover, the panel manifestly disregarded the law.  Each
argument will be addressed in turn.

**A.   The Panel's Refusal to Postpone the Hearing**

SunGard urges the court to vacate the final award because the
panel allegedly engaged in misconduct when it denied SunGard's
request to postpone the arbitration hearing.  Roughly a month
before the arbitration hearing was scheduled to begin, SunGard
moved to continue the proceedings because SunGard's lead counsel,
James T. Smith, had a scheduling conflict.  A trial for another of

-6-

Smith's clients, the "Apparel litigation," had commenced sooner than expected and would not permit his attendance at the GTN arbitration as then scheduled.[8]   Accordingly, SunGard moved to continue the proceedings, and the panel denied the motion.

Under the FAA an arbitration award may be vacated if the arbitrators refused to postpone the arbitration hearing "upon sufficient cause shown[.]" 9 U.S.C. § 10(a)(3).  To succeed in vacating the award under this provision, SunGard must establish that there was no reasonable basis for the panel's refusal to postpone the hearing and that SunGard suffered prejudice because of that refusal.  Laws v. Morgan Stanley Dean Witter, 452 F.3d 398, 400 (5th Cir. 2006).  However, since SunGard has made neither showing, the court will not vacate the award on this basis.

In its order denying SunGard's Motion for Reconsideration of Order Denying Continuance the arbitration panel reminded the parties that at several points during the pre-hearing proceedings -- months before the hearing was set to begin and months before

---

[8]SunGard's Motion to Vacate Final Arbitration Award, Docket Entry No. 28, Exhibit 9, Declaration of Victoria E. Silbey ¶¶ 8-9. The court notes that GTN has moved to strike two affidavits that SunGard submitted to support its misconduct claim: those of James T. Smith and of Daniel Ryhnhart.  See GTN's Motion to Strike Affidavits of James T. Smith and Daniel Ryhnhart, Docket Entry No. 33.  The court is inclined to agree with GTN that the affidavits stray beyond the scope of the arbitration record and, thus, should be struck. However, the court finds that such action is not required because  having considered both affidavits, the court finds them unpersuasive.  Therefore, on this basis, GTN's motion to strike will be denied.

Smith's trial began -- notice had been given that "the hearing dates must remain firm and would not be altered[.]"[9]  The panel also stated that delaying the proceedings until Smith was available would also likely result in a substantial delay: scheduling conflicts among the parties, their witnesses, and the three panelists, would likely prevent the hearing from commencing for "at least" six months.[10]

Arbitration is intended to serve "[a]s a speedy and informal alternative to litigation[.]"  Forsythe Int'l, S.A. v. Gibbs Oil Co. of Tex., 915 F.2d 1017, 1022 (5th Cir. 1990).  Thus, the panel might have decided -- reasonably -- to deny SunGard's requested continuance to ensure that arbitration served its intended purposes.  Accordingly, the court cannot say the panel lacked "'any reasonable basis'" to deny SunGard's motion for a continuance.  Laws, 452 F.3d at 400 (quoting El Dorado Sch. Dist. No. 15 v. Cont'l Cas. Co., 247 F.3d 843, 848 (8th Cir. 2001)).[11]

---

[9]SunGard's Motion to Vacate Final Arbitration Award, Docket Entry No. 28, Exhibit 10, Preliminary Hearing Order Re: SunGard Energy Systems, Inc.'s Motion for Reconsideration of Order Denying Continuance ¶ 3.

[10]Id. ¶ 5.

[11]The court further notes that the panel might also have found that SunGard failed to state "sufficient cause" for the delay as required by 9 U.S.C. § 10(a)(3).  Long before Smith's schedule became conflicted by the Apparel litigation, the panel had indicated that the date of the hearing was firm and unchangeable. Moreover, as indicated by the Silbey Declaration, Smith knew, or should have known, that such a conflict was at least possible well
(continued...)

-8-

Moreover, even if the panel's decision had lacked any reasonable basis, SunGard has not established that it was prejudiced by the panel's decision. To prove prejudice SunGard was required to prove that "a continuance might have altered the outcome of the arbitration[.]" Id. Within the context of this case SunGard could make this showing either by proving that the result might have been different had the panel given SunGard's replacement counsel more time to prepare, or that the panel might have reached a different decision had Smith represented SunGard at the hearing. However, SunGard has not represented to the court, let alone proven, that the performance of its replacement counsel was deficient in any way, or explained why more preparation time might have led to a different result.

Furthermore, SunGard failed to establish how Smith's representation might have made a difference in the arbitration's outcome. Such a showing could be made by pointing to instances in the record where Smith's purportedly more profound understanding of the case would have made such an impact on the proceedings that the panel might have decided the case differently. But SunGard has not

---

[11](...continued)
before the scheduling conflict actually occurred. Given SunGard's and Smith's knowledge of the panel's declared inflexibility and of the potential conflicts in Smith's schedule, the panel might have reasonably concluded that SunGard and Smith had sufficient time to prepare for Smith's absence from the arbitration, and that their failure to act accordingly did not constitute sufficient cause to warrant a delay in the proceedings.

produced any such proof or made any such arguments.  It may be that SunGard was disadvantaged by Smith's absence.  However, mere disadvantage, without more, does not equate to prejudice.

For these reasons, the court does not conclude that in denying SunGard's motion for continuance, the panel denied SunGard a fair hearing.

**B.   The Panel's Refusal to Grant SunGard Discovery of GTN's Motivation for Abandoning the Parties' Contract**

SunGard also urges the court to vacate the panel's award because the panel denied SunGard discovery concerning GTN's motive for terminating the parties' contract and concerning GTN's damages model.   The FAA authorizes vacatur of an award only if the arbitrator has refused to hear "pertinent and material evidence." 9 U.S.C. § 10(a)(3).   Thus, under this provision an arbitrator "'must give each of the parties an adequate opportunity to present its evidence and arguments.'"   Forsythe Int'l, S.A., 915 F.2d at 1023 (quoting Hoteles Condado Beach v. Union de Tronquistas Local 901, 763 F.2d 34, 39 (1st Cir. 1985)).   However, "[p]arties to voluntary arbitration may not superimpose rigorous procedural limitations on the very process designed to avoid such limitations."   Prestige Ford v. Ford Dealer Computer Serv., 324 F.3d 391, 394 (5th Cir. 2003).   Arbitration is intended to resolve disputes quickly and more informally than litigation.   Therefore, parties to arbitration should expect arbitrators to take certain

"procedural and evidentiary shortcuts that would properly frustrate counsel in a formal trial" and "to act affirmatively to simplify and expedite the proceedings . . . ." <u>Id.</u>  Thus, an arbitrator's exclusion of evidence will warrant vacatur of the award only "if the exclusion of relevant evidence deprive[d] a party of a fair hearing." <u>Karaha Bodas Co.</u>, 364 F.3d at 301.

SunGard argues that it was denied a fair hearing when the panel denied SunGard discovery into GTN's motive for rescinding the contract, which SunGard characterizes as the "why question."[12]  In its Statement of Counterclaims SunGard alleged that GTN's decision to terminate the parties' contract was a pretext:  that the "true" reason GTN rescinded the contract was not because of any deficiencies in SunGard's software, but because GTN was purchased by another company, TransCanada Pipeline, which required GTN to use software that was incompatible with SunGard's software.[13]  During the pre-hearing proceedings SunGard moved to compel discovery of documents confirming these allegations,[14] but the panel denied the request without explanation.[15]  SunGard argues that by denying any discovery into this "why question," the panel deprived SunGard of

---

[12]SunGard's Motion to Vacate Final Arbitration Award, Docket Entry No. 28, pp. 11-12.

[13]<u>Id.</u>, Exhibit 14, Respondent/Counterclaimant SunGard Energy Systems Inc.'s Statement of Claims ¶ 4.

[14]<u>Id.</u>, Exhibit 28, SunGard's Original Motion to Compel.

[15]<u>Id.</u>, Exhibit 26, Discovery Order No. 3 ¶ 2.

both an opportunity to present pertinent and material evidence and a fair hearing.

SunGard does not argue that it needed discovery of GTN's motive for terminating the contract to establish the essential elements of its claims against GTN or to refute the elements of GTN's claims against SunGard. Evidence that GTN might have had a pretext to terminate the parties' contract is not, for example, evidence that GTN actually breached the parties' contract or that SunGard complied with the terms of the agreement; nor was evidence of GTN's purported pretext necessary to establish the elements of SunGard's other claims of promissory estoppel or unjust enrichment or to refute GTN's other claims against SunGard. In other words, the evidence SunGard unsuccessfully sought to compel was, at most, impeachment evidence. This stands in stark contrast to those cases SunGard cites in support of its argument.

In _Tempo Shain Corp. v. Bertek, Inc._, 120 F.3d 16 (2d Cir. 1997), the court vacated an arbitration award because an arbitration panel refused to hear one witness's testimony. _Id._ at 20. The court found that the panel's refusal to hear the witness's testimony rendered the hearing fundamentally unfair because the witness's testimony was a party's sole means of refuting the opposing party's claim of fraudulent inducement and establishing its own claim. _Id._ Similarly, in _Hoteles Condado Beach_ the court vacated the award because the arbitrator excluded evidence that was

-12-

"central and decisive" to the dispute; that is, evidence that was essential to substantiating one party's claims and necessary to refute the essential elements of the opposing party's claim. 763 F.2d at 40.

In this case the panel provided SunGard with an opportunity to present evidence in support of each of its counterclaims and in defense against each of GTN's claims. SunGard availed itself of the opportunity by presenting volumes of evidence to the panel, which the panel considered before making its decision. This is all that the panel was required to provide SunGard. See Prestige Ford, 324 F.3d at 395.[16]

The court also rejects SunGard's argument that the panel committed misconduct by denying SunGard discovery of GTN's damages model. During the arbitration hearing, and over SunGard's objection, the panel permitted GTN to present evidence of its "costs of cover" -- the amount of money GTN spent to acquire replacement software.[17]   See Tex. Bus. & Com. Code § 2.712(b).

---

[16]The court also rejects SunGard's argument that in deciding that SunGard breached its contract, the panel based its award "on the very reasoning underlying the 'Why Question.'" SunGard's Motion to Vacate Final Award, Docket Entry No. 28, pp. 12-13. The panel found that SunGard breached the contract; it did not rely on either party's motives. SunGard's argument is simply an attack on the panel's interpretation of the parties' contract. However, this court is not authorized to review the merits of the panel's decision. Kergosien, 390 F.3d at 357.

[17]See SunGard's Motion to Vacate Final Arbitration Award, Docket Entry No. 28, Exhibit 31, Transcript of Arbitration Proceedings, March 13, 2007, pp. 7-9.

SunGard argues that this decision constituted misconduct because not only had GTN never before disclosed such evidence to SunGard, but the panel had previously denied SunGard discovery of such information.

Even if the court assumes that the panel committed misconduct by denying SunGard's discovery request, the court concludes that the panel's decision cannot be the basis for vacatur because the panel subsequently cured any prejudice resulting from its decisions. Cf. Generica Ltd. v. Pharmaceutical Basics, Inc., 125 F.3d 1123, 1130-31 (7th Cir. 1997) (affirming an arbitrator's award even though the arbitrator curtailed a party's cross-examination of a key opposing witness because the arbitrator subsequently acted to eliminate any prejudice resulting from his actions).

The panel permitted SunGard to cross-examine GTN's witness concerning its costs of cover.[18]  Moreover, after both sides had presented their evidence, the panel granted the parties more than thirty days to file extensive post-hearing briefs.[19]  In crafting these briefs, the parties had all of the evidence at their

---

[18]Because neither party included the relevant portions of the transcript in which GTN's witness testified to GTN's costs of cover, the court is left to assume that such cross-examination occurred.  However, the court's assumption is reasonable since SunGard has not raised any argument to the contrary, and since the panel permitted broad cross-examination of witnesses throughout the arbitration.

[19]See GTN's Response to SunGard's Motion to Vacate Final Arbitration Award, Docket Entry No. 32, Exhibit 35, Transcript of Arbitration Proceedings, March 23, 2007, pp. 305-06.

disposal, including the transcripts from each of the arbitration hearings. The panel placed few constraints on the parties' briefs, allowing both sides to ultimately submit briefs exceeding sixty pages.[20] In their briefs, both parties marshaled the relevant evidence in support of their respective positions, and SunGard specifically argued that the evidence did not permit the panel to award GTN's costs of cover.[21] The parties then appeared before the panel again, roughly one month later, for closing arguments.[22] There, SunGard had another opportunity to respond to GTN's evidence concerning its costs of cover. Thus, even if GTN surprised SunGard at the arbitration hearing with evidence concerning GTN's costs of cover, SunGard has failed to establish that it was denied a fair hearing since the panel provided SunGard with ample opportunity to evaluate GTN's evidence and argue against it.

**C.    The Panel's Decision to Admit Testimony and Exhibits that GTN had not Disclosed Prior to the Arbitration Hearing.**

SunGard argues that the panel denied it a fair hearing when the panel admitted testimony and reports from three GTN witnesses

---

[20]See SunGard's Motion to Vacate Final Arbitration Award, Docket Entry No. 28, Exhibit 28, Respondent/Counterclaimant SunGard Energy Systems Inc.'s Posthearing Brief; GTN's Response to SunGard's Motion to Vacate Final Arbitration Award, Docket Entry No. 32, Exhibit 3, Claimant GTN's Post Trial [sic] Brief.

[21]SunGard's Motion to Vacate Final Arbitration Award, Docket Entry No. 28, Exhibit 28, Posthearing Brief pp. 56-57.

[22]GTN's Response to SunGard's Motion to Vacate Final Arbitration Award, Docket Entry No. 32, Exhibit No. 42, Transcript of Arbitration Proceedings, Closing Arguments, May 21, 2007.

-- Ruth Clark, Jeff Parmet, and Bruce Webster -- whom GTN had failed to disclose prior to the hearing.  At the hearing GTN called Clark to testify concerning her involvement in the creation and testing of SunGard's pipeline management software.  Clark testified about one test she conducted with Parmet, one of GTN's expert witnesses, and GTN introduced evidence concerning the test data that she and Parmet observed.[23]  SunGard vehemently objected to admission of this evidence because it had not been identified by Parmet in prior expert reports or during his deposition, and GTN had not disclosed the existence of such evidence.[24]  The panel overruled SunGard's objections, but granted SunGard's motion to compel production of the data and required GTN to give SunGard the evidence prior to SunGard's cross-examination of Parmet, which GTN agreed to do.[25]  The next day SunGard used the evidence GTN introduced during Clark's testimony to impeach Parmet.[26]

SunGard also objected to the admission of Webster's testimony regarding tests Webster performed on the source code of SunGard's software and the notes that Webster took regarding those tests.[27]

---

[23]GTN's Response to SunGard's Motion to Vacate Final Arbitration Award, Docket Entry No. 32, Exhibit 41, Transcript of Arbitration Proceedings, March 15, 2007, pp. 271-72, 278-90.

[24]Id. at 273-78, 282-85.

[25]Id. at 290-92.

[26]See, e.g., id., Exhibit 36, Transcript of Arbitration Proceedings, March 16, 2007, pp. 340-46.

[27]Id., Exhibit 36, Transcript of Arbitration Proceedings, March 16, 2007, pp. 268-70.

Neither Webster nor GTN had disclosed that evidence prior to the hearing.  Although the court overruled SunGard's objections, the panel granted SunGard one week to obtain and present testimony from a rebuttal expert, Kevin Mossop, over GTN's objection.[28]

What SunGard complains of is essentially an evidentiary error.[29]  To warrant vacatur of an arbitration award, "[a]n evidentiary error 'must be one that is not simply an error of law, but which so affects the rights of a party that it may be said that he was deprived of a fair hearing.'"  Forsythe Int'l, S.A., 915 F.2d at 1023 (quoting Newark Stereotypers Union No. 18 v. Newark Morning Ledger, 397 F.2d 594, 599 (3d Cir. 1968)).  The court concludes that SunGard has failed to establish such a deprivation.

Each time SunGard argued against the admission of a GTN witness's testimony the panel took steps to ensure that SunGard received a fair opportunity to refute the testimony of the witness.

----

[28]The court notes that neither party included the panel's decision to allow Mossop to testify over GTN's objection in their submissions to the court.  The only account of the panel's purported ruling comes from GTN's Response to SunGard's Motion to Vacate Final Arbitration Award, pp. 12-13.  The court will accept the facts as stated in GTN's response because SunGard has not disputed GTN's contention that the panel made such a ruling.  See SunGard's Reply to GTN's Response to SunGard's Motion to Vacate Final Arbitration Award, Docket Entry No. 35, Exhibit A, SunGard's Reply.

[29]Cf. SunGard's Motion to Vacate Final Arbitration Award, Docket Entry No. 28, Exhibit 39, Respondent Counterclaimant SunGard Energy Systems Inc.'s Motion in Limine pp. 4-7 (moving for the exclusion of Webster's and Parmet's testimony because their testimony failed to meet the evidentiary standards for reliability).

The panel granted SunGard's motion to compel, which required GTN to produce the evidence, and allowed SunGard to effectively cross-examine Parmet concerning Clark's prior testimony about the testing data and results.  With regard to the undisclosed testimony and evidence presented by Webster, the panel cured any possible prejudice by providing SunGard with the opportunity to present testimony from Mossop.

**D.   The Panel's Award of Damages and Attorney's Fees Under the Parties' Contract**

SunGard also urges vacatur on the grounds that the panel exceeded its powers under the parties' contract by awarding GTN damages for breach of contract and attorney's fees.  SunGard contends that this award failed to draw its "essence" from the parties' contract because, to reach its award, the panel was required to both disregard and invent contractual requirements. Since "'[a]rbitration is a matter of contract,'" the arbitrators' powers are "'dependent on the [contractual] provisions under which the arbitrators were appointed.'" <u>Apache Bohai Corp. LDC v. Texaco China BV</u>, 480 F.3d 397, 401 (5th Cir. 2007) (quoting <u>Brook v. Peak Int'l</u>, 294 F.3d 668, 672 (5th Cir. 2002)).  Thus, the FAA permits vacatur of an arbitration award "where the arbitrators exceeded their powers."  9 U.S.C. § 10(a)(4).[30]  Arbitrators exceed their power when they act "contrary to express contractual provisions[.]"

---

[30]This statutory ground for vacatur is also known as the "essence test."  <u>See</u> <u>Apache Bohai Corp. LDC</u>, 480 F.3d at 404.

Apache Bohai Corp. LDC, 480 F.3d at 402 (internal quotations omitted).  This does not mean that a court can vacate an arbitration award because, in the court's view, the arbitrator misinterpreted the parties' agreement.  Major League Baseball Players Ass'n v. Garvey, 121 S. Ct. 1724, 1728 (2001). "[E]ven 'serious error' on the arbitrator's part does not justify overturning his decision, where, . . . he is construing a contract and acting within the scope of his authority." Id. (internal quotations omitted).  Rather, the court "must affirm the arbitrator's decision if it is rationally inferable from the letter or the purpose of the underlying agreement." Executone Info. Sys., 26 F.3d at 1320.  In other words, vacatur will be appropriate only if "the arbitrator's award was so unfounded in reason and fact, so unconnected with the wording and purpose of the . . . agreement as to manifest an infidelity to the obligation of an arbitrator." Id. at 1325 (internal quotations omitted).

In its submissions to the panel, SunGard succinctly summarized the purpose of the parties' contract:  to provide GTN with software that would both accurately schedule the flow of gas through GTN's pipeline according to GTN's preferences and purchase orders and maximize the volume and pressure of the gas flowing in the pipeline.[31]  The panel awarded GTN damages because the panel concluded that the evidence showed that SunGard failed to provide

---

[31]SunGard's Motion to Vacate Final Arbitration Award, Docket Entry No. 28, Exhibit 14, SunGard's Statement of Claims/ Counterclaims ¶ 10.

GTN with software that adequately performed those tasks.[32]  This decision rationally flows from what SunGard admits was the contract's purpose.  Moreover, SunGard has not argued, and the court finds no evidence in the record indicating, that the panel's award directly contradicts any of the contract's express provisions.  Resolving all doubts in favor of arbitration, the court concludes that the panel did not exceed its powers when it awarded GTN damages for breach of contract.

SunGard's argument that the panel exceeded its power when it awarded GTN its attorney's fees is also unavailing.  That the parties' agreement permitted SunGard to recover attorney's fees under certain conditions, but contained no similar provision for GTN,[33] does not mean that the contract forbade the panel from awarding GTN its attorney's fees.  To the contrary, the contract on its face purports to be governed by Texas law,[34] and Texas law awards attorney's fees to a party who prevails on a breach of contract claim.  See Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8). Therefore, the panel did not exceed its powers when it awarded GTN its attorney's fees.  Cf. Minute Maid Co. v. Citrus, Cannery, Food Processing and Allied Workers, Drivers, Warehousemen and Helpers, Local Union #444, 331 F.2d 280, 281 (5th Cir. 1964) (holding that

---

[32]SunGard's Motion to Vacate Final Arbitration Award, Docket Entry No. 28, Exhibit 1, Final Arbitration Award ¶¶ 13-14.

[33]See SunGard's Motion to Vacate Final Arbitration Award, Docket Entry No. 28, Exhibit 3, Software License and Maintenance Purchase Order, p. 1.

[34]Id., Terms and Conditions ¶ 9(J).

even though no contractual provisions provided for a back-pay award, the arbitrator's award should be upheld because the contract did not expressly prohibit such an award).[35]

## D.  Manifest Disregard

SunGard argues that the panel demonstrated a "manifest disregard for the law" by awarding GTN its costs of cover.  Under Texas law a party may recover the costs of cover under the UCC, Tex. Bus. & Com. Code § 2.712(b); or under the common law, see Markham Irr. Co. v. Brown, 292 S.W. 863, 868 (Tex. Comm'n App. 1927, holding approved) (holding that an irrigation company could be charged "whatever expense" a farmer incurred remedying the irrigation company's breach of the contract).  SunGard cites several reasons why the panel's decision to award cover evinces a manifest disregard for the law when it awarded GTN cover,[36] none of

---

[35]SunGard also suggests that the panel's award of attorney's fees was improper because the panel awarded GTN attorney's fees in the Interim Award despite its previous agreement to rule on the issue after the Interim Award, and because "the Panel unfairly refused to permit SunGard to challenge GTN's entitlement to attorneys' fees[.]"  SunGard's Motion to Vacate Final Arbitration Award, Docket Entry No. 28, p. 25.  However, SunGard has failed to provide either argument or authority to support its assertion.  Thus, SunGard has abandoned the claim.  See United States v. Stevens, 487 F.3d 232, 242 n.1 (5th Cir. 2007) ("Inadequately briefed issues are deemed abandoned.").

[36]SunGard cited the following reasons as evidence that the panel manifestly disregarded the law:  that there was no evidence that GTN, rather than its parent corporation TransCanada, incurred any costs of cover; that the panel forbade SunGard from obtaining discovery into whether GTN acted in good faith; that the evidence shows that GTN's mitigation effort was unnecessary; that GTN's evidence on the issue was "highly speculative."  SunGard's Motion to Vacate Final Arbitration Award, Docket Entry No. 28, pp. 23-25.

which are satisfactory bases for vacatur.  To meet its burden
SunGard was required to establish (1) that "well-defined, explicit,
and clearly applicable" Texas law forbade the panel from awarding
GTN its costs of cover, (2) that the panel appreciated the
existence of this law but chose instead to ignore it, and (3) that
the award resulted in a significant injustice.  See <u>Apache Bohai</u>
<u>Corp. LDC</u>, 480 F.3d at 405.  The court need go no further than the
first prong of this test to reject SunGard's argument because
SunGard has not cited to this court (or to the arbitration panel)[37]
any "well-defined, explicit, and clearly applicable" Texas law that
would forbid an award of cover in this case.

### IV.  <u>GTN's Motion for Attorney's Fees</u>

In its Response to SunGard's Motion to Vacate Final
Arbitration Award, GTN urges this court to require SunGard to pay
the attorney's fees GTN incurred in defending the panel's Final
Arbitration Award.[38]  "[W]hen a party has refused to abide by an
arbitration decision 'without justification,'" a court may, in its
discretion, award the other party its reasonable attorney's fees.
<u>Bruce Hardwood Floors v. UBC, Southern Council of Indus. Workers</u>
<u>No. 2713</u>, 103 F.3d 449, 453 (5th Cir. 1997).  Though unsuccessful,
SunGard's effort to vacate the panel's award was not unjustified.

---

[37]See, e.g., Motion to Vacate Final Arbitration Award, Docket
Entry No. 28, Exhibit 28, SunGard's Posthearing Brief.

[38]GTN's Response to SunGard's Motion to Vacate Final
Arbitration Award, Docket Entry No. 32, pp. 32-33.

The grounds for vacatur that SunGard raised were colorable and, for the most part, had some support from evidence in the record and from relevant legal authorities.  Therefore, the court will deny GTN's request.

## V.  Conclusion and Order

Because SunGard has failed to sustain its burden in establishing grounds for vacating the panel's Final Arbitration Award, SunGard's Motion to Vacate Final Arbitration Award (Docket Entry No. 28) is **DENIED**, and GTN's Motion to Confirm Final Arbitration Award (Docket Entry No. 26) is **GRANTED**.  GTN's request for attorney's fees, made in its Response to SunGard's Motion to Vacate Final Arbitration Award (Docket Entry No. 32), is **DENIED**.  GTN's Motion to Strike Affidavits of James T. Smith and Daniel Rhynhart (Docket Entry No. 33) is **DENIED**.  SunGard's Motion for Leave to File Reply to GTN's Response to SunGard's Motion to Vacate Final Arbitration Award (Docket Entry No. 35) is **GRANTED**.[39]  GTN's Motion to Strike SunGard's Brief in Support of Motion to Vacate Arbitration Award or Alternatively, Motion to File Sur-Response (Docket Entry No. 20) is **DENIED AS MOOT**.

**SIGNED** at Houston, Texas, on this 29th day of February, 2008.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[39]The court has considered the arguments in SunGard's Reply in reaching its decisions in this Memorandum Opinion and Order.

-23-